**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED PHONE NUMBER 207-420-5687 THAT IS IN THE CUSTODY OR CONTROL OF US CELLUAR/T-MOBILE | Case No. 1:26-mc-00258-KFW<br><br>**FILED UNDER SEAL** |

## APPLICATION FOR ORDER COMMANDING T-MOBILE US INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT AND REQUEST TO SEAL

The United States requests that the Court order T-Mobile US Inc. not to notify any person (including the subscribers and customers of the account listed in search warrant docket number **1:26-mj-00232-KFW** of the existence of the warrant for 90 days, until **September 16, 2026.**

T-Mobile US Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced warrant, which requires T-Mobile US Inc. to disclose certain records and information to the Federal Bureau of Investigation (FBI). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced search warrant relates to an ongoing criminal investigation that is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the

existence of the above-referenced search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the targets the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the targets could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing T-Mobile US Inc. not to disclose the existence or content of the search warrant until **September 16, 2026**, except that T-Mobile US Inc. may disclose the above-referenced search warrant to an attorney for T-Mobile US Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until **September 16, 2026**. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the targets of the investigation, and the disclosure of these documents could alert the targets to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: June 18, 2026

ANDREW B. BENSON
UNITED STATES ATTORNEY

*/s/ Nicholas Scott*

Nicholas Scott
Assistant United States Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257
Nicholas.Scott@usdoj.gov